**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**R. WOODY WOODS**,

           Plaintiff,

           v.

**TAHESHA WAY**, in her official capacity as Secretary of the State of New Jersey,

           Defendant.

Civil Action No. 21-12272 (ZNQ) (TJB)

**OPINION**

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon Defendant Tahesha Way's ("Defendant") Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ("Motion," ECF No. 12.) Defendant filed a Brief in Support of the Motion. ("Moving Br.," ECF No. 12-1.) Plaintiff R. Woody Woods ("Plaintiff"), appearing *pro se*, did not oppose the motion.[1] The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss the Complaint.

---

[1] Plaintiff also filed a Motion for Declaratory Judgment the same day he filed his Complaint. (ECF No. 4.) It contains the same language found in the Complaint: "Seeking a declaratory judgment extending the State of New Jersey June 08, 2021 deadline for Independent Candidates, Statewide (all jurisdictions) - 90 days, plus five business days to cure deficiencies." (*Id.*) For the reasons discussed herein, the Court will dismiss the Complaint for lack of standing. Accordingly, the Court will deny Plaintiff's motion for declaratory judgment as moot.

**I.        BACKGROUND AND PROCEDURAL HISTORY**

On June 8, 2021, Plaintiff commenced this action. (Compl., ECF No. 1.) On July 2, 2021, he filed an Amended Complaint against Defendant "[s]eeking a declaratory judgment extending the State of New Jersey June 08, 2021 [state-wide] deadline for Independent Candidates," and no monetary compensation. (Am. Compl. at 4, ECF No. 8.) Plaintiff identifies himself as an unaffiliated voter registered in New Jersey, and he alleges that he has "been reaching out to the State of New Jersey's Secretary of State's Office as well as to [c]ounty [e]lection [o]fficials" to inquire about open seats and the Independent Candidates running in the November 2021 election. (ECF No. 8-2 at 8.) He was unable to contact the Secretary of State's Office and county election officials because of "their lack of transparency and forthrightness in providing relevant sound election information regarding the [November 2021] State" election. (*Id.*) According to the Complaint, the Secretary of State's Office and county election officials never returned his phone calls or responded to his emails. (*Id.*)

Plaintiff claims this "resulted in a direct infringement of [his] constitutionally guaranteed rights." (*Id.*) He alleges the actions by the Secretary of State's Office and the county election officials "deprived all New Jersey [v]oters of their Effective Vote," which he claims resulted "in a direct infringement of the constitutionally guaranteed rights of the entire [r]egistered [v]oter population in New Jersey." (*Id.*) Moreover, he claims that the "failure of both [the] State and [c]ounty [e]lection [o]fficials to respond to election related inquiries clearly indicates a substantive denial and abridging of effective vote, equal protection, due process and freedom of association of New Jersey Registered Voters." (*Id.*) Plaintiff claims the Court has jurisdiction over these claims because they involve a federal question, implicating the First and Fourteenth Amendments of the Constitution. (*Id.* at 3.)

## II. <u>LEGAL STANDARD</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the subject-matter jurisdiction of the court. Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), "a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("*Temodar*"); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The first step in analyzing a jurisdictional challenge under a Rule 12(b)(1) motion is to determine whether the "motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357–58 (3d Cir. 2014) (quoting *Temodar*, 678 F.3d at 243). "A facial 12(b)(1) challenge, which attacks the complaint on its face without contesting its alleged facts, is like a 12(b)(6) motion in requiring the court to 'consider the allegations of the complaint as true.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). "But a factual 12(b)(1) challenge attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts." *Id.* (citing *Constitution Party of Pa.*, 757 F.3d at 358).

If the defendant challenges jurisdiction in its Rule 12(b)(1) motion before answering the complaint or "otherwise present[ing] competing facts," the Rule 12(b)(1) motion is, "by definition, a facial attack." *Constitution Party of Pa.*, 757 F.3d at 358 (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977)). When analyzing a facial attack on subject-matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Temodar*, 678

F.3d at 243 (quoting *Gould Elecs. Inc., v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

"[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Because Woods brings this action *pro se*, the Court will liberally construe the Amended Complaint and "apply the applicable law, irrespective of whether [he] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)). Moreover, notwithstanding Plaintiff's failure to oppose the Motion, the Court will conduct a merits analysis. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Chocallo v. I.R.S. Dep't of Treasury*, 145 F. App'x 746, 748 (3d Cir. 2005).

### III.   DISCUSSION

Defendant argues that the Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of standing. (Moving Br. at 4.) She argues that "Plaintiff has not shown that he suffered a cognizable injury that could establish standing before" the Court.[2] (*Id.* at 5.)

"Standing is a jurisdictional matter." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) "Article III of the Constitution limits federal-court jurisdiction to 'Cases' and

---

[2] Defendant also argues that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to "present any clear elements that could amount to a proper cause of action." (*Id.* at 11.) The Court, however, will not address this argument because it will dismiss the Complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). "If a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so." *In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 157 (3d Cir. 1997).

'Controversies.'" *Massachusetts v. EPA*, 549 U.S. 497, 516 (2007). "A federal court's obligation to assure itself that it has subject matter jurisdiction over a claim is antecedent to its power to reach the merits of that claim." *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016) (citing *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007)). *See Temodar*, 678 F.3d at 246 ("It is well-established that a plaintiff's Article III standing is a prerequisite for the federal courts to decide the merits of a suit.").

To have standing, "a plaintiff must demonstrate '(1) an injury-in-fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358–59 (3d Cir. 2015) (citation omitted). An injury-in-fact must be "particularized" in the sense of "affect[ing] the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992). The injury-in-fact test "requires that the party seeking review be himself among the injured." *Id.* at 563 (citing *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972)). The injury must be "an invasion of a legally protected interest." *Id.* at 560. "Since 'standing is not dispensed in gross,' a plaintiff who raises multiple causes of action 'must demonstrate standing for each claim he seeks to press.'" *Temodar*, 678 F.3d at 245 (citations omitted).

Here, Plaintiff provides conclusory allegations that the actions of Defendant and county officials deprived him and all New Jersey voters of their constitutional rights. He brings this action not as a candidate but rather as an unaffiliated voter. The Amended Complaint fails to allege any injury to Plaintiff; he has not alleged that his ability to vote has been impaired. Plaintiff cannot make a generalized grievance. *See Lujan*, 504 U.S. at 563 (explaining that the injury-in-fact test "requires that the party seeking review be himself among the injured"). As such, he has failed to identify a particularized injury-in-fact. Even considering the Complaint "in the light most

5

favorable to [Plaintiff]," the Court concludes that it has no subject-matter jurisdiction because the Plaintiff lacks standing. *Temodar*, 678 F.3d at 243.

### IV. CONCLUSION

For the reasons stated above, the Court will grant Defendant's Motion. An appropriate Order will follow.

Date: February 24, 2022

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
